UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ENITAN SODIYA-OGUNDIPE,

    Defendant.

Case No. 18-cr-20351-01

Honorable Nancy G. Edmunds

_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE BASED ON DEFENDANT'S FAILURE TO EXHAUST [290]

Defendant Enitan Sodiya-Ogundipe is currently in the custody of the Federal Bureau of Prisons and is confined at Federal Medical Center Lexington in Lexington, Kentucky. The matter is before the Court on Defendant's motion to reduce sentence under the authority of 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 290.) The government did not respond to the merits of Defendant's motion, but contests it on the basis of exhaustion, which is required under *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). (ECF No. 294.)

Though Defendant asserts she exhausted her remedies, the exhibits she attaches show administrative requests for home confinement under the CARES Act and § 3624(c)(2). In *United States v. Desjardins-Racine*, 817 Fed. App'x 219 (6th Cir. 2020), the Sixth Circuit considered a district court's denial of a motion for compassionate release on the basis that the defendant failed to exhaust his administrative remedies. Like here, the defendant in *Desjardins-Racine* claimed he exhausted his remedies for compassionate release under § 3582(c) by submitting a request for a transfer in custody

1

to home confinement under § 3624(c)(2) and the CARES Act. *Id.* at 220. The Sixth Circuit upheld the district court's decision holding that the defendant failed to exhaust his administrative remedies for compassionate release despite his requests for transfer to home confinement. *Id.* at 221.

The mandatory claim-processing rule of § 3582(c) binds this Court when properly asserted by the Government. *Alam*, 960 F.3d at 833. Because Defendant failed to properly exhaust her administrative remedies and because the Government opposes her motion on this basis, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED.**

**SO ORDERED.**

Dated: January 31, 2023

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2023, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager